COOPER ET UX. *v.* SANFORD LAND COMPANY

[No. 130, September Term, 1960.]

*Decided February 8, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, HORNEY and MARBURY, JJ.

*Robert J. Dougherty* for the appellants.

*John B. Garvey, Jr.,* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The record in this case reaches us in a most unsatisfactory
state. The chancellor dismissed the appellants' bill of com-
plaint in which they sought to enjoin the appellee from clos-
ing an alleged public road for the purpose of constructing
houses in the bed of said road. The chancellor found from
the evidence that the road had been abandoned, and that the
appellants and other members of the public were foreclosed to
assert any rights therein.

The appellants suggest and the appellee agrees that two
questions are presented: (1), "Did the mention of the road
in controversy and the call to same in the title deeds consti-
tute a dedication of the road to public use?" and (2), "Did
the chancellor err in dismissing the bill of complaint on the
basis of non-user or abandonment?" We do not think the
briefs and the record are sufficient for us to answer either
question.

The combined statements of facts show, in substance, the following: The appellants purchased a certain tract of land located in the Fourth Election District of Baltimore County in 1949; in the description thereof given in their deed, the fourth course of one parcel calls, "on the east side of a road there situate," and the second parcel was described as "* * * being all that tract or parcel of land situate, lying and being in the Hannah More Academy Lane * * *" (in the bill of complaint the road is alleged to be a "public road," an allegation denied in the appellee's answer); other deeds were offered in evidence that had similar calls, but the record fails to disclose (with a possible exception) the locations of the properties at the times of the conveyances, or the other owners of the property abutting on the alleged road. It was stipulated that a plat, complainants' exhibit C, fairly delineates the course of the "Hannah More Academy Road." This plat shows a course that meanders in a generally southeasterly direction from "Academy Acres" to the Timber Grove Road. Neither it nor the evidence as it is presented to us permits an accurate determination of the owners of the respective properties (at present, or at any time) that bound on the purported road. No attempt was made to show a single source of ownership of the abutting properties at the time of the alleged dedication. It was further stipulated that the appellee intends to build houses in the bed of the road, as said road is located on the plat mentioned above. Certain photographs were introduced that demonstrated the overgrown condition of the road, and disclosed some trees in its bed, described as being twelve to fifteen inches in diameter and thirty to forty feet high. The appellant, Cooper, stated that he and his wife had had no occasion to use the road since obtaining their property in 1949, but felt they were "entitled to exercise [their] land rights."

The Record Extract contains the docket entries, the pleadings, a few pages of the testimony of the appellant, Fred Cooper, the chancellor's short oral opinion, a copy of appellants' deed, complainants' exhibit C, the photographs, and the chancellor's decree—all covered above in the statement of the case and the statement of facts.

Much of the confusion in the record results from the fact

that at the trial a blackboard sketch was used. The lawyers and Mr. Cooper quite often referred to the sketch by simply pointing to, or indicating, a location thereon, such as, "right here at the terminus of this road at this point," which, without amplification, means nothing.

Maryland Rule 831 (c) (3), provides that the appellant's brief shall contain, "a clear, concise statement of the facts *material to a determination* of the questions presented," (emphasis added), and Rule 828 (b) (1), states that the "printed extract shall contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal, * * *." We think the briefs and the record extract herein fail to meet the minimum requirements of these rules.

It will be noted that although the road was alleged to be a public one, no testimony, except the bare calls in the deeds, was offered to establish the allegation as a fact. The appellants contend that there was a "dedication" of the road by reason of the calls in the several deeds, yet no attempt was made to show who made the supposed dedication, nor who was the owner or owners of the properties abutting the road at the time of dedication. Moreover, no mention was made of, nor consideration given to, the possible effect of Code (1957), Article 21, Section 107, on either of the two questions presented to us. Of course, we realize that this section may have no application to the facts of this particular case, as they are developed.

The chancellor, apparently, decided that the overgrown condition of the road and the size of several trees in the roadbed conclusively established an abandonment. These facts, of course, could be considered on the question of abandonment, but we do not deem them conclusive (in the instant case, there was no evidence of the kind of trees involved, nor their probable age). There was some evidence that the purported roadbed had been used as a bridle path. This Court has held that two elements are necessary to show an abandonment, namely, an intention to abandon, and an overt act, or an omission to act, by which such intention is carried into effect; and mere nonuser, of itself, is not any evidence of abandonment, unless it

continues for the period of limitations of actions to recover the right or property. *Landay v. MacWilliams*, 173 Md. 460, 196 A. 293. In the condition that the case reaches us, we are unable to decide either the question of dedication, or abandonment. We will therefore, under the authority of Rule 871 (a), remand the case, without affirmance or reversal, for further proceedings, leaving the questions open.

> *The decree below is neither reversed nor affirmed: case remanded for further proceedings: costs to abide the result.*